JOSEPH M. CHARTER, OSB #91158
Charter@AshlandOregon.org
JOSEPH M. CHARTER, P.C.
450 SISKIYOU BLVD, STE. 3
ASHLAND, OR 97520
(541) 488-9556
Fax: (541) 488-1556

FILED'11 APR 6  8 :25USDC-ORM

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

LORI ANN HAYNES,

                    Plaintiffs,

     v.

TD SERVICE COMPANY, FIRST
FRANKLIN FINANCIAL CORP.,
RESIDENTIAL CREDIT SERVICES, INC.,
CHRISTOPHER C. DORR, LLC, and all
other persons or parties unknown claiming
any right, title, lien, or interest in the property
described herein,

                    Defendants.

No.  11- 3046 - CL

COMPLAINT AND DEMAND
FOR JURY TRIAL

## INTRODUCTION

1.

Plaintiff is the record owner of real property located at 343 B Street, Ashland, Oregon.   On or about July 6, 2007, a Deed of Trust in favor of Defendant  FIRST FRANKLIN FINANCIAL CORP. (hereinafter " FIRST FRANKLIN") to secure a mortgage loan was recorded as Instrument No. 2007-031228 in the official records of the

Page - **1** COMPLAINT AND DEMAND FOR JURY TRIAL

#2414

Recorder of Jackson County.  The trust deed named First American Title as the Trustee and the Mortgage Electronic Registration System, Inc. (hereinafter "MERS") as Beneficiary.  On August 11, 2010, Defendant TD SERVICE COMPANY (hereinafter "TD") recorded a Notice of Default and Election to Sell as Instrument No. 2007-026395 in the official records of the Recorder of Jackson County.  TD has scheduled a sale date on the property for April 12, 2011.  TD also recorded an Assignment of Trust Deed from MERS to FIRST FRANKLIN (Instrument No. 2010-026393) and an Appointment of Successor Trustee from HOME LOAN SERVICES, INC., as Servicer, to CHRISTOPHER C. DORR, LLC (Instrument No. 2010-026394) in the official records of the Recorder of Jackson County.  All three were simultaneously recorded on August 11, 2010 at 8:30:00 a.m.

2.

On information and belief, Defendant RESIDENTIAL CREDIT SERVICES, INC. (hereinafter "RCS") is a default loan servicer for FIRST FRANKLIN.    Plaintiff engaged the services of the law firm of Paul Krasker of West Palm Beach, Florida, to negotiate a loan modification on her behalf under the Home Affordable Modification Program (HAMP).  By letters dated January 27, 2011 and March 25, 2011, RCS informed Plaintiff, through her attorney, that her application for a loan modification was denied.  RCS has failed and refused to consider Plaintiff's child support and rental income in determining her eligibility under the program.

3.

Upon information and belief, Defendants, and each of them, lack standing to pursue foreclosure on the property against Plaintiff s because Defendants are not the holder of the

Page  -  2 COMPLAINT AND DEMAND FOR JURY TRIAL

note evidencing the indebtedness being collected.   Further, all appropriate assignments have not been recorded prior to initiating the foreclosure as required by ORS 86.735.

JURISDICTION

4.

This court has jurisdiction by virtue of 15 U.S.C. §1640(e) and 28 U.S.C. §§ 1331, 1337.

PARTIES

5.

Plaintiff owns a home located at 343 B Street, Ashland, Oregon, which at all times material to this action is and has been her principal residence.   FIRST FRANKLIN FINANCIAL CORP. is an Delaware corporation which is no longer authorized to do business in Oregon. TD SERVICE COMPANY is a loan servicing company located in Santa Anna, California.   It is not registered or authorized to do business in Oregon. RESIDENTIAL CREDIT SERVICES, INC. is a Delaware corporation and loan servicing company located in Fort Worth, Texas.   CHRISTOPHER C. DORR, LLC is an attorney licenced to practice law in Oregon (OSB #992526).   The Oregon State Bar Directory lists his office at Magnum Werks, a marketing firm in Portland, Oregon.   None of the Defendants are in possession of the property, but each claims an interest in the property adverse to Plaintiff''s.

**FIRST CLAIM FOR RELIEF**
(Against All Defendants - Wrongful Foreclosure;
Declaratory Judgment - 28 U.S.C. §2201 and 1651; ORS 28.010)

Page - **3** COMPLAINT AND DEMAND FOR JURY TRIAL

6.

Upon information and belief, Defendants lack standing to pursue foreclosure on the property against Plaintiff because Defendants are not the holder of the note evidencing the indebtedness being collected, nor the legal beneficiaries of the trust deed which secured the note at the time of the foreclosure proceedings, and have failed to strictly comply with the statutory procedures for foreclosure. Without limitation, Defendants have failed to comply with the requirements of ORS 86.735.

7.

A real and actual controversy exists between the parties hereto regarding the deficiencies in the foreclosure process alleged herein.

8.

Plaintiff seeks a decree declaring the rights and obligations of the parties under the mortgage and trust deed referenced herein. Specifically, Plaintiff seeks a decree that the foreclosure process initiated by Defendants is defective, and that Defendants cannot proceed with the trustee's sale as scheduled as a result of the failures and insufficiencies alleged herein.

**SECOND CLAIM FOR RELIEF**
(Against Defendants FIRST FRANKLIN and RCS -
Breach of Contract / Implied Covenant of Good Faith and Fair Dealing)

9.

Plaintiff realleges paragraphs 1 through 8 above.

10.

Page - **4** COMPLAINT AND DEMAND FOR JURY TRIAL

JOSEPH M. CHARTER, P.C.
Attorney at Law
450 Siskiyou Blvd., Suite 3
Ashland, OR 97520
Tel. (541) 488-9556 • Fax (541) 488-1566

The transactions between Plaintiff and Defendants contained an implied covenant of good faith and fair dealing which extends to all aspects of the contractual relationships between the parties. Plaintiff has attempted on numerous occasions to explain and document her financial circumstances to Defendants, and Defendants have failed to provide Plaintiff with an affordable loan modification. Plaintiff has requested loan modifications through the HAMP program or other available programs, to no avail. Plaintiff is an intended third party beneficiary of HAMP program. Defendants have failed to adequately explain their reasons for refusing to consider Plaintiff's child support and rental income in determining her eligibility for loan modifications. Defendants have breached the covenant of good faith and fair dealing by failing to act in good faith to resolve the dispute between the parties.

11.

Plaintiff has been damaged by Defendants' acts and omissions alleged herein as previously alleged in an amount to be determined at trial.

**THIRD CLAIM FOR RELIEF**
(Against All Defendants -Quiet Title)

12.

Plaintiff realleges paragraphs 1 through 11 above.

13.

On information and belief, FIRST FRANKLIN sold Plaintiff's loan into an investment pool and currently has no interest in the promissory note. FIRST FRANKLIN was a participant in more than 200 Mortgage Backed Securities Trusts at the time of

Page - 5 COMPLAINT AND DEMAND FOR JURY TRIAL

1  Plaintiff's loan.  At least six were dated August 7 and 8, 2007.  Plaintiff is an intended
2  third party beneficiary of any Pooling and Servicing Agreement (PSA) related to any such
3  trust.  On information and belief, the beneficial interest in the trust deed has been assigned
4  multiple times, without recording those assignments as required by ORS 86.735.  ORS
5  86.735(1) provides that the trustee may foreclose if: "the trust deed, any assignments of
6  the trust deed by the trustee or the beneficiary and any appointment of a successor trustee
7  are recorded in the mortgage records in the counties in which the property described in the
8  deed is situated."  The pool for the Mortgage Backed Securities Trusts closed in 2007 and
9  therefore the assignment from MERS to FIRST FRANKLIN in 2010 was of no force or
10 effect because the pool had already closed.  Only the investors in the pool can declare a
11 default because only the investors provided money for the loan and may be owed money.
12 If a default is declared by an entity that is not owed money, the trustee lacks the power or
13 authority to foreclose.

14.

MERS has no right or authority to assign trust deeds.  MERS is an electronic
registration system and operates a record keeping database which was specifically set up to
avoid compliance with Oregon's land recording laws in order to avoid paying recording
fees to the County Recorder's Office.  MERS never had any actual interest in Plaintiff's
loan and did not lend any money to Plaintiff.  MERS was not the owner of the note and
could not transfer any beneficial interest in the trust deed.  Therefore, the Assignment of
Trust Deed from MERS to FIRST FRANKLIN was void.  The assignment of a trust deed
without an assignment of the underlying note is void.  As a result, FIRST FRANKLIN
became an unsecured creditor with no right to foreclose.

15.

Page - **6** COMPLAINT AND DEMAND FOR JURY TRIAL

An assignment of a beneficial interest in a trust deed must be recorded before the assignee has any interest of record or any right to appoint a successor trustee. The Assignment of Trust Deed (2010-026393) was recorded on August 11, 2010, but purports to be effective July 22, 2010. The Appointment of Successor Trustee (2010-026394) was made by an entity named HOME LOAN SERVICES, INC., as Servicer, on July 30, 2010, but purports to be effective July 26, 2010. This entity never had any interest in the note or deed of trust. The purported successor trustee, CHRISTOPHER C. DORR, LLC was without authority to initiate foreclosure on August 11, 2010, as he was not properly appointed. On information and belief, the Notice of Default (2010-026395) was prepared by CHRISTOPHER C. DORR, LLC on July 26, 2010 at the same time as the Appointment of Successor Trustee and Assignment of Trust Deed. The Appointment of Successor Trustee and Assignment of Trust Deed were backdated to be "effective" at or prior to that date, although both of those documents were notarized later. All three documents were then simultaneously recorded on August 11, 2010. All of these actions were done to deprive Plaintiff of her home without following the procedures required by Oregon non-judicial foreclosure law.

16.

Plaintiff brings this suit to quiet title to her residence under ORS 105.605 and the common law.

WHEREFORE, Plaintiff prays for the following judgment in favor of Plaintiff and against Defendants:

1.    A judgment for damages in an amount to be determined at trial pursuant to, in the alternative, Plaintiff's First, Second, or Third Claims for Relief; and

///

Page - **7** COMPLAINT AND DEMAND FOR JURY TRIAL

JOSEPH M. CHARTER, P.C.
Attorney at Law
450 Siskiyou Blvd., Suite 3
Ashland, OR 97520
Tel. (541) 488-9556 • Fax (541) 488-1566

2.  For an order requiring Defendants to prepare a full and accurate accounting of all monies paid by Plaintiff to Defendants with respect her mortgage loan and an accounting of the handling of the mortgage note and trust deed; and

3.  Prejudgment interest on any damages awarded herein; and

4.  Plaintiffs' costs, disbursements and reasonable attorney fees incurred herein; and

5.  For any additional and further relief the Court deems just and equitable in the circumstances, including cancellation of the Note and Deed of Trust and/or issuance of Temporary Restraining Order, Preliminary Injunction, and Declarations pursuant to ORS 28.010, 28 U.S.C. §2201 and 1651, that Defendants have failed to follow proper statutory foreclosure processes, that Defendants have no standing to pursue foreclosure of the subject property, and/or that Plaintiffs are entitled to quiet title in the subject property.

Dated this 5th day of April, 2010.

JOSEPH M. CHARTER, P.C.

/s/ Joseph M. Charter
Joseph M. Charter, OSB #91158
Attorney for Plaintiff
450 Siskiyou Blvd, Ste. 3
Ashland, OR 97501
(541)488-9556
Fax: (541) 488-1556

Page - **8** COMPLAINT AND DEMAND FOR JURY TRIAL

JOSEPH M. CHARTER, P.C.
Attorney at Law
450 Siskiyou Blvd., Suite 3
Ashland, OR 97520
Tel. (541) 488-9556 • Fax (541) 488-1566