FILED'11 APR 6 8:26USDC-ORM

1

2  JOSEPH M. CHARTER, OSB #91158
   Charter@AshlandOregon.org
3  JOSEPH M. CHARTER, P.C.
   450 SISKIYOU BLVD, STE. 3
4  ASHLAND, OR 97520
   (541) 488-9556
5  Fax: (541) 488-1556

6

7  Attorney for Plaintiff

8

9                    UNITED STATES DISTRICT COURT

10                        DISTRICT OF OREGON

11  LORI ANN HAYNES,

12                          Plaintiffs,    No.   11-3046 – CL

13  v.                                     MOTION FOR TEMPORARY
                                           RESTRAINING ORDER AND
14  TD SERVICE COMPANY, FIRST              PRELIMINARY INJUNCTION
15  FRANKLIN FINANCIAL CORP.,
    RESIDENTIAL CREDIT SERVICES, INC.,
16  CHRISTOPHER C. DORR, LLC, and all
    other persons or parties unknown claiming
17  any right, title, lien, or interest in the property
    described herein,
18

19                          Defendants.

20

21         COMES NOW Plaintiff, by and through her attorney, Joseph M. Charter, and hereby

22  moves the Court for its Order as follows:
23

24         1.      Temporarily restraining Defendants from conducting a trustee's sale on *April

25  12, 2011* on the ground that Defendants have failed to comply with the foreclosure process set

26

Page 1 - MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

1  forth in ORS 86.705 *et seq.*, and have failed to offer Plaintiff a HAMP modification when she

2  qualifies for the program, which will cause immediate and irreparable injury to Plaintiff in the

3
4  form of loss of her home and the loss of $165,000.00 in equity in the property through an

5  illegal and defective foreclosure sale process.

6      2.      Requiring Defendants to appear and show cause, if any there be, why the order

7  requested above should not continue and remain in effect during the pendency of this action.

8      In support of this Motion, Plaintiff relies on her Complaint filed herein, FRCP 65, and
9
10 the following Memorandum of Law. Attached hereto and filed together herewith are the

11 Affidavits of Plaintiff and Joseph M. Charter in further support of this Motion.

12     DATED this 5th day of April, 2011.

13
14
15             /s/ Joseph M. Charter
               JOSEPH M. CHARTER, OSB #91158
16             Attorney for Plaintiff
               e-mail: charter@ashlandoregon.org
17

18                     MEMORANDUM OF LAW

19
20     A Court may allow a temporary restraining order or preliminary injunction when it

21 appears that (1) a party is entitled to the relief demanded in a pleading, and the relief consists

22 of restraining the commission or continuance of some act which, during the litigation, would

23 produce injury to the party seeking the relief, or (2) the party against whom a judgment is

24
25 sought is doing or threatens to do, or is procuring or suffering to be done, some act in violation

26 of the rights of a party seeking judgment. FRCP 65.

Page 2 - MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

1

2

3

4

5

6

    As shown by the Complaint and Affidavit on file herein, the foreclosure process

initiated by Defendants is deficient in several respects. An "immediate and irreparable injury,

loss, or damage will result to the movant" by loss of the property through a defective

foreclosure process before a hearing can be held if a temporary restraining order is not

immediately granted. FRCP 65(b)(1)(a).

7

8

9

10

11

12

13

14

15

16

17

18

    A Court may issue a preliminary injunction if it finds that (1) the moving party will

suffer irreparable injury if the injunction is not granted, (2) the moving party will probably

prevail on the merits, (3) in balancing the equities, the adverse party will not be harmed more

than the moving party will be helped, and (4) granting the injunction is in the public interest.

*National Wildlife Federation v. Coston,* 773 F2d 1513, 1517 (9th Cir. 1985). "The required

showing of harm varies inversely with the required showing of meritoriousness." *San Diego*

*Committee v. Governing Bd.,* 790 F2d 1471, 1473 n. 3 (9th Cir. 1986). "Foreclosure is a harsh

remedy and equity abhors a forfeiture. A court of equity may invoke its inherent equitable

powers to avoid a forfeiture and deny the remedy of foreclosure." *Sovereign Bank, FSB v.*

*Kuelzow* , 297 N.J. Super. 187, 198 (App. Div. 1977).

19

20

21

22

23

24

    The Making Home Affordable Modification Program[1] (HAMP) uses a "net present

value" analysis to determine the respective values to the lender of modification vs.

foreclosure. If a lender fails to engage in such an analysis before resorting to foreclosure, a

homeowner should have an equitable defense against foreclosure. *Wells Fargo v. Neal*, 398

25

26

---

[1] Helping Families Save Their Homes Act of 2009, Pub. L. No. 111-22, sec. 129, 123 Stat. 1632 (2009). Section 129 provides that the HMP loan modification analysis is *the* residential mortgage servicing standard under both federal and state law.

JOSEPH M. CHARTER, P.C.
Attorney at Law
450 Siskiyou Blvd., Suite 3
Ashland, OR 97520
Tel. 541-488-9556 • Fax 541-488-1566

Md. 705, 922 A.2d 538, 553 (2007)(commencement of foreclosure without adherence to loss mitigation regulations may invalidate declaration of default).

Plaintiff's mortgage involved a trust deed which names MERS as the beneficiary. However, the mortgage loan was funded by FIRST FRANKLIN. In *Rinegard-Guirma v. Bank of America,* Case No. 10-1065-PK, Judge King held that MERS is not a beneficiary as defined in ORS 86.705(1)(*Citing In re Allman,* Bankr. No. 08-31282-elp7, 2010 WL 3366405, at *10 (Bankr. D. Or. Aug. 24, 2010)). He noted law from Oregon and elsewhere holding that the assignment of a mortgage, without the note, is void and that the note and trust deed cannot be "split." Opinion and Order, pp. 8-9. Based on these authorities, Judge King granted a preliminary injunction preventing foreclosure.

In *Burgett v. MERS,* Case No. 09-6244-HO and *McCoy v. BNC, et al.*, Case No. 10-6224-fra, Judges Hogan and Alley also held that MERS could not be a beneficiary and found that ORS 86.735 requires that all prior unrecorded assignments must be filed in a nonjudicial foreclosure by sale. (Opinion and Order, pp. 5-6; Memorandum Opinion, pp. 5-6). In *Barnett v. BAC*, Case No. 11-CV-213-ST and *Eckerson v. MERS*, Case No. 11-CV-178-HU, Judge Brown reviewed the prior decisions by Judge Hogan and Judge King and found that foreclosures involving MERS could not proceed and granted Temporary Restraining Orders. In *Barnett*, Judge Brown also found a "dual track" foreclosure, where BAC was negotiating a loan modification with the homeowner and at the same time it was pursuing foreclosure. TRO, pp. 18-19. Judge Brown also noted that 30 days written notice is required under the trust deed prior to declaring a default. *Barnett* TRO, pp. 18-19. Plaintiff's trust deed contains the same provision and the record on file herein shows that RCS did not provide

Page 4 - MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

any written notice of acceleration prior to recording a notice of default. *See* Exhibits "1," pp. 10-11, "2," and "6" to the Affidavit of Lori Ann Haynes, filed herewith.

Based on all these authorities, Plaintiff has shown from her Complaint and Affidavit a high probability of prevailing on the merits. Despite diligence responses on Plaintiff's part to Defendants' requests for financial information, it appears that RCS never had any intention of negotiating a loan modification in good faith or fairly evaluating Plaintiff's eligibility for HAMP, as it began foreclosure proceedings before it ever received any financial information from Plaintiff. Defendants have not provided Plaintiff with an opportunity to meet and/or mediate a modification of her loan pursuant to Oregon SB 628 (2009). It appears from the record herein that various assignments were backdated to be "effective" prior to the date of their execution, instead being executed and recorded in the proper sequence to comply with Oregon foreclosure law. Plaintiff believes that Defendants have failed to follow proper statutory foreclosure processes, in these and other respects, and that Defendants have no standing to pursue foreclosure of the subject property   *Udall v. T.D. Escrow Servs., Inc., Udall v. T.D. Escrow Servs., Inc.,* 132 Wash App 290, 297, 130 P3d 908 (2006) ("because nonjudicial foreclosures lack the judicial oversight inherent in judicial foreclosures, (courts) strictly apply and interpret the Act in favor of the borrower."); *Udall v. T.D. Escrow Services, Inc.,* 159 Wash2d 903, 913, 154 P3d 882, 890 (2007).  The failure to strictly comply with the statutory process is fatal. *See Baggao v. Mascaro,* 77 Or App 627, 631, 714 P2d 261 (1986); *Staffordshire Investments, Inc. v. Cal-Western,* 209 Or App 528, 149 P3d 150 (2006).

FRCP 65(a) "invests the district court 'with discretion as to the amount of security

Page 5 - MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

required, *if any.*'" *Jorgensen v. Cassiday,* 320 F.3d 906, 919 (9th Cir. 2003) (italics in

original, citation omitted).  The court may forego a bond "when it concludes there is no

realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.*  The

balance of equities favor granting an injunction, as Plaintiff will suffer irreparable harm in

the loss of her home if the foreclosure sale is not restrained.  Defendants will not be harmed

by being required to follow the process the law requires of them or by being required to

prove that they have standing to foreclose and the right to collection by possession of the

note. The public interest will be served by maintaining the legal integrity of the foreclosure

process and by ensuring that the laws related to non-judicial foreclosure are followed.

    For the foregoing reasons, the court should grant Plaintiff's temporary restraining

order.

    DATED: April 5, 2011

                                                JOSEPH M. CHARTER, P.C.

                                                /s/ Joseph M. Charter
                                                Joseph M. Charter, OSB #91158
                                                Attorney for Plaintiff
                                                450 Siskiyou Blvd., Suite 3
                                                Ashland, OR 97520
                                                (541) 488-9556
                                                Fax: (541) 488-1566
                                                charter@ashlandoregon.org

JOSEPH M. CHARTER, P.C.
Attorney at Law
450 Siskiyou Blvd., Suite 3
Ashland, OR 97520
Tel. 541-488-9556  •  Fax 541-488-1566